UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CR-0030 (PJS/DLM) |
| Plaintiff, | |
| v. | ORDER |
| WESLEY DERON TYUS, | |
| Defendant. | |

Carla Baumel, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

F. Clayton Tyler, F. CLAYTON TYLER, P.A., for defendant.

Defendant Wesley Deron Tyus is charged with attempted possession with intent to distribute 400 grams or more of a mixture or substance containing fentanyl. ECF No. 1. Following a hearing, United States Magistrate Judge Douglas L. Micko granted the government's motion for detention and ordered Tyus detained pending trial. *See* Order, ECF No. 18. This matter is now before the Court on Tyus's appeal of the detention order pursuant to 18 U.S.C. § 3145(b), which the Court construes as a motion for revocation or amendment of a detention order under that statute. *See id.* ("If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of

the order.").[1]  The Court has conducted a de novo review.  *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc).  For the reasons that follow, the Court denies Tyus's motion and orders him to be detained pending trial.

A court may order a defendant detained pending trial only if the government either (1) proves by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance or (2) proves by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  Whether sufficient conditions exist depends on the factors listed in § 3142(g), including the nature of the crime and the history of the defendant.  *Id.*

When there is probable cause to believe that a defendant has committed an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  *Id.* § 3142(e)(3).  Here, a grand jury indicted Tyus on a qualifying charge carrying a maximum term of life (and, in fact, a mandatory

---

[1] As a procedural note, the government is incorrect about the propriety of Tyus's motion.  The entirety of the government's briefing focuses on the standards for reopening a detention hearing under 18 U.S.C. § 3142(f)(2)(B).  But Tyus is not asking to reopen his detention hearing; he is seeking review of a detention order under 18 U.S.C. § 3145(b).

minimum term of ten years' imprisonment), *see* 21 U.S.C. § 841(b)(1)(A), so the rebuttable presumption in favor of detention applies. Tyus bears "a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quotation omitted). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quotation omitted).

Tyus asserts that Judge Micko already decided that no flight risk exists,[2] and to rebut the presumption that he is a danger to the community, Tyus points out that he has made all of his scheduled court appearances in a related state case. The fact that Tyus has appeared in state court as required seems to relate more to whether he is likely to flee than whether he is a danger to the community. But even assuming that this fact satisfies Tyus's limited burden of production, the Court nevertheless agrees with Judge Micko that the government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure community safety.

---

[2] The Court has been unable to find support in the record for Tyus's assertion that Judge Micko determined that he was not a flight risk. It appears instead that Judge Micko did not have to address the issue because he found that the danger posed to the community by Tyus warranted detention.

Tyus is charged with attempting to distribute an enormous amount of fentanyl (over 100,000 pills)—the most deadly drug in widespread use in the United States today.  The evidence of Tyus's guilt—as described by the government—appears to be very strong, and includes video, phone, and fingerprint evidence connecting him to the fentanyl.  Tyus also has a long and troubling criminal history, and he allegedly committed the charged offense while under supervision for a prior firearm conviction.  Needless to say, the fact that Tyus allegedly committed this offense *while on supervised release* provides compelling evidence that conditions of release will not be effective in protecting the community.  For these reasons, the Court finds that detention is warranted because no condition or combination of conditions will reasonably assure that Tyus will not endanger the community.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's appeal to district court of order for detention [ECF No. 35] is DENIED.

2. Defendant is hereby ordered DETAINED under 18 U.S.C. § 3142(e).

3. Defendant is committed to the custody of the United States Marshal for confinement in a correctional facility separate, to the extent practicable,

       from persons awaiting or serving sentences or being held in custody pending appeal;

4. Defendant shall be afforded reasonable opportunity to consult privately with his counsel;

5. Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, defendant is required to appear for further proceedings;

6. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings; and

7. Defendant may move the Court to reopen its detention determination should his custodial circumstances materially change.

Dated:  April 8, 2024

_____
Patrick J. Schiltz, Chief Judge
United States District Court